**SO ORDERED.**

**SIGNED this 15 day of July, 2010.**



_____
JANICE MILLER KARLIN
UNITED STATES BANKRUPTCY JUDGE

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **JOHN L. SIMS,** | ) | Case No. 08-41668 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| **ROBERT L. BAER, TRUSTEE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 10-7024 |
| | ) | |
| **CHARLES K. POMEROY, LEE O. KINNEY,** | ) | |
| **PARKDALE, A LIMITED LIABILITY** | ) | |
| **COMPANY, ST. CHARLES, A LIMITED** | ) | |
| **LIABILITY COMPANY, GWEN TOMAS,** | ) | |
| **AND KAW VALLEY BANK.**[1] | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

_____

[1]The Complaint spelled Defendant Tomas' last name as "Thomas," and the answer filed by this Defendant uses both the spelling "Tomas" and "Thomas." Because pleadings filed on behalf of this Defendant after the answer consistently refer to her as "Tomas," the Court sua sponte changes the name in the caption to Gwen Tomas. In addition the Complaint uses the name Kaw Valley Bank & Trust, but the answer filed by this Defendant indicates its current name is Kaw Valley Bank. For that reason, the Court sua sponte changes its name in the caption to Kaw Valley Bank.

# MEMORANDUM OPINION AND ORDER DENYING
# MOTION TO DISMISS WITHOUT PREJUDICE

This matter is before the Court on the Motion to Dismiss[2] filed by Defendant, Lee O. Kinney ("Kinney"). Kinney claims that the Complaint fails to state a claim against him in his individual capacity. After a careful review of the Complaint, as well as the briefs filed by both Kinney and the Trustee, the Court is ready to rule. By virtue of 28 U.S.C. § 157(b)(2)(E), (F), and (H), this is a core proceeding over which this Court has jurisdiction under 28 U.S.C. §§ 1334 and 157(a).

## I. Findings of Fact

The underlying bankruptcy case was initiated by the filing of an involuntary petition against Debtor, John L. Sims ("Sims"), on November 3, 2008. Sims and the Defendants have apparently been engaged in an extended dispute concerning the ownership, rights and interests in the two limited liability company defendants named in this adversary proceeding, Parkdale, LLC and St. Charles, LLC.

The Trustee initiated this adversary proceeding seeking to determine whether Sims' interests in the LLCs are property of the estate and, if so, the nature and extent of the estate's interest in those companies. The Trustee asserts in the Complaint that "[i]t is in the interests of the estate and justice that a final determination of the disputes be reached."

The Complaint contains four counts, one each against Parkdale, St. Charles, Gwen Tomas, and the fourth generically entitled "Accounting." They contain the following detail:

**Count I**: **Parkdale** - Plaintiff alleges that Sims' alleged transfer of his interest in Parkdale either never occurred, or can be avoided and preserved for the benefit of the estate. Count I also seeks an order requiring Defendant Charles Pomeroy ("Pomeroy") to make a full and complete accounting of any and all

---

[2]Doc. 22.

financial transactions with Parkdale, and that Parkdale make available its books and records for examination by the Trustee.

**Count II**: **St. Charles** - Plaintiff alleges that an alleged transfer of Sims' interest in St. Charles should be avoided and preserved for the benefit of the estate, or that the estate is owner of a 1/3 interest in St. Charles. Count II also seeks an order requiring St. Charles to make available for examination all of its books.

**Count III**: **Gwen Tomas** - Plaintiff seeks clarification and final resolution of issues involving Sims' transfer of an interest in St. Charles to Gwen Tomas. Count III also seeks to clarify or resolve any issues resulting from the judgment entered in her favor in state court relating to her interest and her claim in that court against Sims.

**Count IV**: **Accounting** - Plaintiff alleges that St. Charles, Parkdale, Pomeroy and Kinney have not made an accounting to Sims for years, and requests the Court order a full accounting for St. Charles and Parkdale. Count IV also claims that if the Court finds that St. Charles or Parkdale was adversely affected by acts or failures to act of Defendants Pomeroy or Kinney, the Court should order reimbursement.

Of the four counts contained in the Complaint, only Count IV appears to apply to Kinney in his individual capacity.

## II. Standards for a Motion to Dismiss

Federal Rule of Bankruptcy Procedure 7012(b) incorporates Federal Rule of Civil Procedure 12(b) into all adversary proceedings. To prevail on a Rule 12(b)(6) motion to dismiss for failure to state a claim, the movant must demonstrate beyond a doubt that there is no set of facts in support of plaintiff's theory of recovery that would entitle plaintiff to relief.[3] All well-pleaded allegations will be accepted as true and will be construed in the light most favorable to the plaintiff.[4]

---

[3] *Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence, Kansas*, 927 F.2d 1111, 1115 (10th Cir. 1991).

[4] *In re American Freight System, Inc.*, 179 B.R. 952, 956 (Bankr. D. Kan. 1995); *Ballen v. Prudential Bache Securities, Inc.*, 23 F.3d 335, 336 (10th Cir. 1994).

3

**III.    Analysis**

Kinney seeks an order dismissing him from this adversary proceeding, claiming that the Complaint fails to state any cause of action against him in his individual capacity.  As noted above, the only count in the Complaint that conceivably states a cause of action directly against Kinney in his individual capacity is Count IV.  It seeks an accounting of the Parkdale and St. Charles limited liability corporations.  Count IV also seeks reimbursement to the estate "to the extent, if any, the court finds St. Charles, Parkdale, or either of them, was adversely affected by the acts or failures to act of Defendants Pomeroy or Kinney . . . ."

The Trustee's response to the Motion to Dismiss is that while he "agrees that Defendant Kinney appears to have been much less directly involved in the complained of facts and circumstances than Defendant Pomeroy," that "the failure and refusal to provide an accounting makes it very difficult to allege specific facts."[5]  But in light of the terse recitation of any potential claim contained in Count IV, the Court agrees that Plaintiff has failed to state a claim upon which relief can be granted against Kinney.

Count IV seeks two forms of relief:  1) an accounting for Parkdale and St. Charles, and 2) reimbursement in the event the Court finds any wrongdoing by Pomeroy or Kinney.  With regard to the first form of relief, the Trustee has failed to allege that Kinney has a statutory or other common law duty to provide such an accounting to Sims or the estate.  The Complaint does not allege that an accounting is required under the terms of Parkdale or St. Charles' operating agreements or formation documents, nor does it allege that an accounting is required under Kansas law.  A claim is not legally sufficient merely because it notes that a party has failed to take some

---

[5]Doc. 27, Plaintiff's Objection to Defendant, Lee O. Kinney's, Motion to Dismiss Counterclaims (which should actually be entitled Motion to Dismiss Complaint; there is no counterclaim).

action, but instead must also articulate some basis to show that the unperformed action is legally required.[6]

With regard to the second form of relief—the request for reimbursement—the Court finds that the Complaint fails to assert any allegation of wrongdoing by Kinney, or to make any specific claim against him. Count IV does not make any allegation that Kinney did anything (or failed to do anything) that caused damage to Parkdale or St. Charles or Sims, for that matter, but instead asks that **if** the Court finds that anything improper took place, that it order reimbursement. If the Trustee has information that Kinney acted, or failed to act, in a way that caused harm to St. Charles or Parkdale, he is required to make that allegation so that Kinney will be able to fairly defend against that claim.

If the Trustee has a good faith basis for believing that wrongdoing has taken place, but does not have adequate evidentiary support for that allegation at this time, Rule 9011(b)(3) of the Federal Rules of Bankruptcy Procedure allows him to recite what the expected factual allegation is that he claims he will likely have evidentiary support to establish after a reasonable opportunity for further investigation or discovery.[7] Alternatively, if Plaintiff does not yet have any factual basis to assert a claim against Kinney, and he later discovers information of wrongdoing during the course of discovery, he can seek leave to amend his Complaint to assert a claim against Kinney pursuant to Fed. R. Bankr. P. 7015(a)(2).

---

[6]*Cf. Riggs v. Boeing Co.,* 12 F. Supp.2d 1215, 1218 (D. Kan. 1998) (noting that plaintiff has the burden of alleging sufficient facts on which a recognized legal claim could be based) (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir.1996) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

[7]*See* Fed. R. Bankr. P. 9011(b)(3) and Fed. R. Civ. P. 11 Advisory Committee Notes for 1993 Amendment ("The certification with respect to allegations and other factual contentions is revised in recognition that sometimes a litigant may have good reason to believe that a fact is true or false, but may need discovery, formal or informal, from opposing parties or third persons to gather and confirm the evidentiary basis for the allegation").

5

The Court certainly understands the Trustee's position in this case, which is that

> "[t]he adversary proceeding is designed to accomplish a final conclusion of these longstanding disputes. While it might appear that a decision as to the other defendant would collaterally estop Defendant Kinney, it is better and more certainly brings this matter to conclusion by including Mr. Kinney as a party, so that there is no question that he is found by any judgment."[8]

The Trustee further suggest that "it would seem that he [Kinney] would welcome an opportunity to participate in this case."

While it may well be logical and practical to bring together, in one action and in one court, all of the parties associated with Parkdale and St. Charles to reach a final conclusion to the legal issues and ownership surrounding these two companies, Kinney apparently does not see it that way. That said, as part owner of both Parkdale and St. Charles, discovery may ultimately reveal that Kinney was intimately involved in some or all aspects of this litigation. And one would think, therefore, that he might be benefitted from having these issues resolved once and for all. At this early stage of the litigation, however, Kinney is entitled to at least generally understand what allegations the Trustee is raising against him, individually, and to be dismissed as a party defendant if the Trustee cannot state a claim against him with the limited information to which he currently has access.

The Court also understands the Trustee's difficulty in crafting a claim for relief when all of the facts necessary to support his potential claims are likely in the hands of his opponents. However, that is precisely the purpose for Rule 9011(b)(3) (or Rule 7015). Accordingly, although the Court finds that the Complaint fails to state a cause of action against Kinney in his individual capacity, the Court will not dismiss Kinney as a defendant at this time. Instead, the Court will grant the Trustee's

---

[8] Doc. 27 at page 3.

6

alternative request for additional time to amend the Complaint to state a proper cause of action against Kinney.

If Kinney believes the amended complaint again fails to state a cause of action, or if the Trustee elects not to file an amended complaint within 14 days from the date of this order, then Kinney is free to file a renewed motion to dismiss.

**IT IS, THEREFORE, BY THE COURT ORDERED** that Defendant Lee O. Kinney's Motion to Dismiss is denied, without prejudice.

**IT IS FURTHER ORDERED** that the Trustee is required to either file an amended complaint that sets forth a proper cause of action, or causes of action, against Lee O. Kinney in his individual capacity, or to dismiss him as a party defendant, within 14 days.

###